

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

NISSIM CORP.,

      Plaintiff,

vs.

TIME WARNER INC.,
WARNER BROS. ENTERTAINMENT INC.,
WARNER HOME VIDEO INC., and
NEW LINE HOME ENTERTAINMENT INC.,

      Defendants.

_____/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nissim Corp., by and through its undersigned counsel, hereby sues Defendants
Time Warner Inc., Warner Bros. Entertainment Inc., Warner Home Video Inc., and New Line
Home Entertainment Inc., for patent infringement, and for its Complaint alleges as follows:

### THE PARTIES

1.      Plaintiff Nissim Corp. ("Nissim") is a corporation organized and existing under
the laws of the state of Florida with its principal place of business in Florida.

2.      Defendant Time Warner Inc. ("Time Warner") is a corporation organized and
existing under the laws of the state of Delaware with its principal place of business in New York.

3.      Defendant Warner Bros. Entertainment Inc. ("Warner Bros.") is a corporation
organized and existing under the laws of Delaware with its principal place of business in
California. Warner Bros. is a subsidiary of Time Warner.

4.      Defendant Warner Home Video Inc. ("WHV") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in California. WHV is a subsidiary of Warner Bros.

5.      Defendant New Line Home Entertainment Inc. ("New Line Home Entertainment") is a corporation organized and existing under the laws of the state of New York with its principal place of business in New York. New Line Home Entertainment is a subsidiary of Time Warner.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) because Nissim seeks relief under the Patent Act, 35 U.S.C. § 271 *et seq.*, including remedies for infringement of United States Patents owned by Nissim.

7.      Defendants are subject to personal jurisdiction in this state under Florida Statutes § 48.193 because Defendants have transacted business in this state, contracted to supply services or products in this state, and caused tortious injury in this state.

8.      Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to these claims occurred in this judicial district, because Nissim has suffered injury in this district, and because Defendants reside in this district under the patent venue statute by having committed acts of patent infringement in this district.

## THE NISSIM PATENTS

9.      Plaintiff Nissim is the owner of an extraordinarily valuable portfolio of twenty two (22) issued United States Patents and a number of pending patent applications (collectively

2

the "Nissim Patents"). The Nissim Patents cover, among other things, multiple features that are required by certain industry adopted specifications known as the DVD Specifications for Read Only Disc Part 3 Video Specifications, Version 1.1, December 1997 (the "DVD Specifications").

10.    All DVD-Videos and devices capable of playing DVD-Videos ("DVD-Devices") which bear the DVD logo must operate in accordance with the requirements of the DVD Specifications. The DVD Specifications ensure the compatibility of all DVD-Videos with all DVD-Devices.

11.    There are several essential capabilities contained within all DVD-Videos and DVD-Devices in compliance with the DVD Specifications that infringe claims of the Nissim Patents. Among these capabilities are Seamless Play and User Operation Control.

12.    Seamless Play capabilities enable, in response to a user's content preferences, the non-intermittent playback of each of the different paths within a video that has multiple language credits, parental levels and/or multi-camera angles. The implementation of Seamless Play is demonstrated in DVD-Videos that offer different versions within a video, such as "R Rated" versions, theatrical versions, and/or director's cut versions. Examples of such discs include the DVD-Video titles *Kalifornia, Alien, The Abyss, Poison Ivy, Damage*, and *Crash*, among others. For example, the DVD-Video of the motion picture *Crash*, distributed by New Line Home Entertainment, includes segment information that enables a DVD-Device to play, in response to a user's content preference, an "NC-17 Rated" version or an "R Rated" version of the motion picture using substantially the same video segments. When playing the "R Rated" version, the segment information enables the DVD-Device to skip video segments of, for example, sexually graphic content that is available for the "NC-17 Rated" version. The DVD Specifications

3

provide for the use of segment information carried by a DVD-Video to enable a DVD-Device to play, from within the same video, more than one version of a video. These Seamless Play capabilities of the DVD Specifications are incorporated into all DVD-Devices and many DVD-Videos and are covered by the Nissim Patents.

13.    User Operation Control capabilities enable the operation or prohibition of certain video playback controls, *e.g.*, fast forward or skip, during the playback of a segment of a video. User Operation Control utilizes segment codes to prohibit users from, for example, fast-forwarding through certain segments, such as advertising and the FBI copyright warning. The DVD Specifications require every DVD-Device to enable User Operation Control, and virtually all DVD-Videos, including most of the DVD-Videos manufactured and distributed by Defendants, utilize such capabilities.

14.    To date, approximately ninety (90) companies have taken a license under claims of the Nissim Patents essential to implementing the DVD Specifications and pay Nissim running royalties on a per-unit basis for sales of consumer electronic devices that implement the DVD Specifications.

NATURE OF THE INFRINGEMENT

15.    Max Abecassis, the sole inventor of the Nissim Patents and sole owner of Nissim Corp., filed the first application in the chain of patents that comprise the Nissim Patents in February 1992. A few months thereafter, Mr. Abecassis contacted Warner Bros., Inc. for the purpose of commercializing his inventions and provided a 25-page disclosure of portions of the pending patent application pursuant to a written confidentiality agreement which was executed in June 1992.

4

16.    Over the course of the next few years, Mr. Abecassis engaged in a series of communications with various executives at Warner Bros., Time Warner and WHV (including WHV's then-president, Warren Lieberfarb) concerning the inventions and a potential business relationship between the parties, but Mr. Abecassis' efforts were largely rebuffed and no business relationship ever ensued.

17.    In or around 1995, Time Warner formed the DVD Consortium (later named the DVD Forum) in conjunction with nine consumer electronics hardware manufacturers, whose mission was to establish and promulgate industry-standard technical specifications for the DVD format. By virtue of its status as the leading content provider in the DVD Consortium as well as Warren Lieberfarb's active participation, Time Warner played a key role in determining the capabilities incorporated into and required by the DVD Specifications. Those capabilities include the Seamless Play and User Operation Control technologies invented by Mr. Abecassis and covered by the Nissim Patents.

18.    Thus, despite having received notice of Mr. Abecassis' inventions and Mr. Abecassis' plans for commercializing them, Time Warner and its subsidiaries proceeded to commercialize the inventions on their own.

19.    Time Warner also originally trademarked the DVD logo and later assigned it to the DVD Format/Logo Licensing Corporation, of which Time Warner is an owner. The DVD Format/Logo license requires that DVD related products (including DVD-Devices, DVD-Videos, DVD-Video authoring software, and software capable of playing DVD-Videos) certify and pass verification of compliance with the DVD Specifications.

5

20.    By inducing compliance with the DVD Specifications by virtually all companies who make and sell DVD related products, Time Warner has induced others to infringe the Nissim Patents. As a result, Time Warner is not only responsible for the infringing products made and sold by Time Warner and its subsidiaries, but also for the infringing products made and sold by others.

21.    By making, using, selling, offering for sale and/or importing DVD-Videos in the United States, including the use of DVD-Video authoring software and the authoring of DVD-Videos inside the United States for mastering and/or replication inside and outside the United States; by inducing others to make, use, sell, offer for sale and/or import DVD-Videos, DVD-Devices, DVD-Video authoring software, and software capable of playing DVD-Videos; and by contributing to the manufacture, use, sale, offer for sale and/or importation by others of DVD-Videos, DVD-Devices, DVD-Video authoring software, and software capable of playing DVD-Videos, all without the consent or authorization of Nissim, Defendants have infringed numerous claims of the Nissim Patents.

22.    Time Warner also formed a patent licensing organization known as the DVD 6C Licensing Agency with five other members of the DVD Consortium through which several Time Warner patents alleged to be infringed by implementation of the DVD Specifications are licensed. As a result of its strategies with respect to the DVD Consortium, the DVD Format/Logo Licensing Corporation and the DVD 6C Licensing Agency, Time Warner has generated substantial patent royalties from virtually all companies implementing the DVD Specifications.

6

23.    For the past few years, the parties through counsel have been engaged in extensive negotiations over a license under the Nissim Patents for Defendants' products, but recently reached an impasse and were unable to conclude an agreement.  During this time, Nissim has continued to develop its own technologies exploiting various aspects of the Nissim Patents, and through its affiliate CustomPlay LLC is bringing such technologies to market.

<u>COUNT I – INFRINGEMENT OF U.S. PATENT 5,434,678</u>

24.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25.    Nissim is the owner of United States Patent 5,434,678 ("the '678 patent"), entitled "Seamless Transmission Of Non-Sequential Video Segments," which was duly and lawfully issued on July 18, 1995 by the United States Patent and Trademark Office.  The '678 patent issued from an application filed with the United States Patent and Trademark Office on January 11, 1993, and is now, and has been at all times since its date of issue, valid and enforceable.  A true and correct copy of the '678 patent is attached hereto as Exhibit 1.

26.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '678 patent.

27.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '678 patent.

28.    Defendants will continue to infringe in the future unless enjoined by the Court.

29.    Nissim has been damaged by Defendants' infringement of the '678 patent in an amount to be proven at trial.

COUNT II – INFRINGEMENT OF U.S. PATENT 5,589,945

30.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

31.    Nissim is the owner of United States Patent 5,589,945 ("the '945 patent"), entitled "Computer-Themed Playing System," which was duly and lawfully issued on December 31, 1996 by the United States Patent and Trademark Office.  The '945 patent issued from an application filed with the United States Patent and Trademark Office on September 13, 1994, which claims priority from a parent application originally filed on January 11, 1993 and which issued as United States Patent 5,434,678, and which is now, and has been at all times since its date of issue, valid and enforceable.  A true and correct copy of the '945 patent is attached hereto as Exhibit 2.

32.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '945 patent.

33.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '945 patent.

34.    Defendants will continue to infringe in the future unless enjoined by the Court.

35.    Nissim has been damaged by Defendants' infringement of the '945 patent in an amount to be proven at trial.

COUNT III – INFRINGEMENT OF U.S. PATENT 5,724,472

36.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

8

37.    Nissim is the owner of United States Patent 5,724,472 ("the '472 patent"), entitled "Content Map For Seamlessly Skipping A Retrieval Of A Segment Of A Video," which was duly and lawfully issued on March 3, 1998 by the United States Patent and Trademark Office. The '472 patent issued from an application filed with the United States Patent and Trademark Office on May 1, 1995, claims priority from a parent application which was originally filed on February 7, 1992, and which is now, and has been at all times since its date of issue, valid and enforceable. A true and correct copy of the '472 patent is attached hereto as Exhibit 3.

38.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '472 patent.

39.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '472 patent.

40.    Defendants will continue to infringe in the future unless enjoined by the Court.

41.    Nissim has been damaged by Defendants' infringement of the '472 patent in an amount to be proven at trial.

<u>COUNT IV – INFRINGEMENT OF U.S. PATENT 5,913,013</u>

42.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

43.    Nissim is the owner of United States Patent 5,913,013 ("the '013 patent"), entitled "Seamless Transmission Of Non-Sequential Video Segments," which was duly and lawfully issued on June 15, 1999 by the United States Patent and Trademark Office. The '013 patent issued from an application filed with the United States Patent and Trademark Office on December 15, 1997, claims priority from a parent application which was originally filed on

9

January 11, 1993 and which issued as United States Patent 5,434,678, and which is now, and has been at all times since its date of issue, valid and enforceable. A true and correct copy of the '013 patent is attached hereto as Exhibit 4.

44.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '013 patent.

45.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '013 patent.

46.    Defendants will continue to infringe in the future unless enjoined by the Court.

47.    Nissim has been damaged by Defendants' infringement of the '013 patent in an amount to be proven at trial.

<u>COUNT V – INFRINGEMENT OF U.S. PATENT 5,987,211</u>

48.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

49.    Nissim is the owner of United States Patent 5,987,211 ("the '211 patent"), entitled "Seamless Transmission Of Non-Sequential Video Segments," which was duly and lawfully issued on November 16, 1999 by the United States Patent and Trademark Office. The '211 patent issued from an application filed with the United States Patent and Trademark Office on November 8, 1997, claims priority from a parent application which was originally filed on January 11, 1993 and which issued as United States Patent 5,434,678, and which is now, and has been at all times since its date of issue, valid and enforceable. A true and correct copy of the '211 patent is attached hereto as Exhibit 5.

10

50.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '211 patent.

51.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '211 patent.

52.    Defendants will continue to infringe in the future unless enjoined by the Court.

53.    Nissim has been damaged by Defendants' infringement of the '211 patent in an amount to be proven at trial.

<u>COUNT VI – INFRINGEMENT OF U.S. PATENT 6,002,833</u>

54.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

55.    Nissim is the owner of United States Patent 6,002,833 ("the '833 patent"), entitled "Disc Storing A Variable-Content-Video And A User Interface," which was duly and lawfully issued on December 14, 1999 by the United States Patent and Trademark Office. The '833 patent issued from an application filed with the United States Patent and Trademark Office on November 8, 1997, claims priority from a parent application which was originally filed on February 7, 1992, and which is now, and has been at all times since its date of issue, valid and enforceable. A true and correct copy of the '833 patent is attached hereto as Exhibit 6.

56.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '833 patent.

57.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '833 patent.

58.    Defendants will continue to infringe in the future unless enjoined by the Court.

11

59.    Nissim has been damaged by Defendants' infringement of the '833 patent in an amount to be proven at trial.

<u>COUNT VII – INFRINGEMENT OF U.S. PATENT 6,151,444</u>

60.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

61.    Nissim is the owner of United States Patent 6,151,444 ("the '444 patent"), entitled "Motion Picture Including Within A Duplication Of Frames," which was duly and lawfully issued on November 21, 2000 by the United States Patent and Trademark Office. The '444 patent issued from an application filed with the United States Patent and Trademark Office on June 30, 1998, claims priority from a parent application which was originally filed on January 11, 1993 and which issued as United States Patent 5,434,678, and which is now, and has been at all times since its date of issue, valid and enforceable. A true and correct copy of the '211 patent is attached hereto as Exhibit 7.

62.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '444 patent.

63.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '444 patent.

64.    Defendants will continue to infringe in the future unless enjoined by the Court.

65.    Nissim has been damaged by Defendants' infringement of the '444 patent in an amount to be proven at trial.

12

## COUNT VIII – INFRINGEMENT OF U.S. PATENT 6,208,805

66.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

67.    Nissim is the owner of United States Patent 6,208,805 ("the '805 patent"), entitled "Inhibiting A Control Function From Interfering With A Playing Of A Video," which was duly and lawfully issued on March 27, 2001 by the United States Patent and Trademark Office. The '805 patent issued from an application filed with the United States Patent and Trademark Office on February 7, 1992, and which is now, and has been at all times since its date of issue, valid and enforceable. A true and correct copy of the '805 patent is attached hereto as Exhibit 8.

68.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '805 patent.

69.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '805 patent.

70.    Defendants will continue to infringe in the future unless enjoined by the Court.

71.    Nissim has been damaged by Defendants' infringement of the '805 patent in an amount to be proven at trial.

## COUNT IX – INFRINGEMENT OF U.S. PATENT 6,304,715

72.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

73.    Nissim is the owner of United States Patent 6,304,715 ("the '715 patent"), entitled "Disc Having A Code For Preventing An Interference With A Playing Of A Video Segment," which was duly and lawfully issued on October 16, 2001 by the United States Patent and

13

Trademark Office. The '715 patent issued from an application filed with the United States Patent and Trademark Office on December 10, 1997, claims priority from a parent application which was originally filed on February 7, 1992 and which issued as United States Patent 6,208,805, and which is now, and has been at all times since its date of issue, valid and enforceable. A true and correct copy of the '715 patent is attached hereto as Exhibit 9.

74.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '715 patent.

75.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '715 patent.

76.    Defendants will continue to infringe in the future unless enjoined by the Court.

77.    Nissim has been damaged by Defendants' infringement of the '715 patent in an amount to be proven at trial.

<u>COUNT X – INFRINGEMENT OF U.S. PATENT 6,463,207</u>

78.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

79.    Nissim is the owner of United States Patent 6,643,207 ("the '207 patent"), entitled "Playing A Variable-Content-Video Having A User Interface," which was duly and lawfully issued on October 8, 2002 by the United States Patent and Trademark Office. The '207 patent issued from an application filed with the United States Patent and Trademark Office on December 12, 1997, claims priority from a parent application which was originally filed on February 7, 1992 and which issued as United States Patent 6,208,805, and which is now, and has

14

been at all times since its date of issue, valid and enforceable. A true and correct copy of the '207 patent is attached hereto as Exhibit 10.

80.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '207 patent.

81.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '207 patent.

82.    Defendants will continue to infringe in the future unless enjoined by the Court.

83.    Nissim has been damaged by Defendants' infringement of the '207 patent in an amount to be proven at trial.

## COUNT XI – INFRINGEMENT OF U.S. PATENT 7,054,547

84.    Nissim repeats and realleges each and all of the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

85.    Nissim is the owner of United States Patent 7,054,547 ("the '547 patent"), entitled "Disc Having A Segment Code For Prohibiting A Play Control Function During A Playing Of A Video Segment," which was duly and lawfully issued on May 30, 2006 by the United States Patent and Trademark Office. The '547 patent issued from an application filed with the United States Patent and Trademark Office on January 6, 2006, claims priority from a parent application which was originally filed on February 7, 1992 and which issued as United States Patent 6,208,805, and which is now, and has been at all times since its date of issue, valid and enforceable. A true and correct copy of the '547 patent is attached hereto as Exhibit 11.

86.    Defendants directly and/or indirectly infringe, literally or under the doctrine of equivalents, one or more claims of the '547 patent.

15

87.    Defendants' acts of infringement have been willful, intentional, and with full knowledge and in conscious disregard of Nissim's rights under the '547 patent.

88.    Defendants will continue to infringe in the future unless enjoined by the Court.

89.    Nissim has been damaged by Defendants' infringement of the '547 patent in an amount to be proven at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Nissim Corp. prays:

A.    That the Court finds Defendants liable for infringement of the asserted Nissim Patents.

B.    That Defendants, and all of their officers, directors, agents, servants, employees, successors, and assigns, and all persons acting in concert or in active participation with them, be preliminarily and permanently enjoined and restrained from infringing any of the asserted Nissim Patents.

C.    That the Court awards Nissim compensatory damages due to Defendants' infringement of the asserted Nissim Patents.

D.    That based on the willful nature of Defendants' infringement the Court enters judgment three (3) times such compensatory amount pursuant to 35 U.S.C. § 284.

E.    That the Court finds this case exceptional within the meaning of 35 U.S.C. § 285 and awards Nissim its reasonable attorneys' fees incurred in this action.

F.    That the Court awards Nissim its taxable costs, disbursements, and pre-judgment and post-judgment interest.

G.    For such other and further relief as the Court deems just and proper.

16

## JURY DEMAND

Plaintiff Nissim Corp. demands trial by jury on all issues so triable.

Dated: March 8, 2007

Respectfully submitted,

_____
John C. Carey
Florida Bar No. 78379
CAREY, RODRIGUEZ, GREENBERG &
PAUL, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
E-mail: jcarey@crgplaw.com

*Counsel for Plaintiff Nissim Corp.*

17