1  STEVEN M. GOLDSOBEL (CA SBN 166405)
   *steve@goldsobel.com*
2  LAW OFFICE OF STEVEN M. GOLDSOBEL
   1900 Avenue Of The Stars, Suite 1800
3  Los Angeles, CA 90067
   Telephone:  310-552-4848
4  Facsimile:  310-552-9291

5  JOHN C. CAREY (Admitted *Pro Hac Vice*)
   *jcarey@careyrodriguez.com*
6  CAREY RODRIGUEZ GREENBERG O'KEEFE, LLP
   1395 Brickell Avenue, Suite 700
7  Miami, FL  33131
   Telephone:  305-372-7474
8  Facsimile:  305-372-7475

9  *Attorneys for Plaintiff Nissim Corp.*

10 VINCENT J. BELUSKO (CA SBN 100282)
   *vbelusko@mofo.com*
11 SCOTT C. MOORE (CA SBN 203181)
   *smoore@mofo.com*
12 MORRISON & FOERSTER LLP
   555 West Fifth Street, Suite 3500
13 Los Angeles, CA 90013
   Telephone: 213-892-5200
14 Facsimile: 213-892-5454

15 *Attorneys for Defendants*
   *Time Warner Inc., Warner Bros. Entertainment Inc., Warner*
16 *Home Video and New Line Home Entertainment Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NISSIM CORP.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TIME WARNER INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:08-cv-742 GAF (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on March 20, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 2(e)-(h), 3, 5(a), 6, and 12 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th

Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

TERMS OF PROTECTIVE ORDER

1. <u>Designated Material</u>. Any information or documents **provided or** produced, formally or informally, in response to **or in connection with** a discovery request or deposition in this action, and any material filed with the Court may be

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the person or entity producing or filing it (the "Designating Party"), so long as the information so designated complies with the definitions in this section (hereinafter "Designated Material").

"CONFIDENTIAL" material is defined as: 1) confidential and/or proprietary technical information, such as non-public documents and correspondence describing or relating to defendants' design, authoring, and distribution of DVDs and HD DVDs; 2) confidential and/or proprietary financial information, such as non-public invoices, contracts, rate cards, patent license agreements, patent settlements, replication agreements, pricing terms, correspondence, and other materials exchanged between defendants and third parties or vendors (such as authoring houses, QC vendors, and disc replicators), and non-public financial and accounting documents; 3) confidential and/or proprietary strategic information, such as non-public documents that relate to defendants' business operations, strategies, practices, or plans, and marketing efforts or strategies; 4) confidential third party information, such as non-public documents that implicate rights of third parties (*e.g.*, agreements with confidentiality provisions **and** documents concerning meetings with third parties) and documents received by or provided to defendants with the expectation they would remain confidential; 5) legal advice (to the extent defendants waive privilege and elect to rely on opinions of counsel); and/or 6) any other type of information which would (a) competitively damage the producing party if such information was made publicly available and that (b) qualifies as trade secret information within the meaning of California Civil Code § 3426.1. "CONFIDENTIAL" material also includes non-public personal or private information, including without limitation personnel records. "CONFIDENTIAL" information also includes all video and audio copies of any deposition designated as "CONFIDENTIAL."

"HIGHLY CONFIDENTIAL" material is defined as certain types of confidential information that are so highly sensitive to the Designating Party that its disclosure to an employee of the receiving party would reveal significant business or financial advantages of the Designating Party. "HIGHLY CONFIDENTIAL" material is limited to highly sensitive information within the following categories: (1) current business/strategic plans; (2) current or projected financial information including revenues, costs, expenditures, compensation, and profits; (3) current or projected non-public marketing information including future marketing plans; and (4) current or projected detailed sales and financial data. HIGHLY CONFIDENTIAL material also includes all video and audio copies of any deposition designated as HIGHLY CONFIDENTIAL.

2. <u>Access</u>. Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

a. Material designated CONFIDENTIAL may be disclosed to: (1) outside counsel of record for the parties to this action, their legal associates and office staffs, and independent contractors employed for the purposes of handling and reproducing documents, and taking or recording testimony; (2) the Court and any person employed by the Court whose duties require access to such material, including court reporters and their staff; and (3) those individuals to whom Designated Materials may be disclosed under the terms of paragraphs 2(c) and 2(e) below. Any CONFIDENTIAL material disclosed to such individuals may be used by such individuals solely for the purpose of this litigation.

b. Material designated HIGHLY CONFIDENTIAL may be disclosed only to: (1) outside counsel of record for the parties to this action, their legal associates and office staffs, and independent contractors employed for the purposes of handling and reproducing documents, and taking or recording testimony; (2) the

4

Court and any person employed by the Court whose duties require access to such material, including court reporters and their staff; and (3) Independent Experts pursuant to paragraph 2(e) below.

    c.    Each party may designate up to three employees or in-house attorneys to whom disclosure of documents designated as CONFIDENTIAL may be made. The designated employees or in-house attorneys are required to maintain the confidentiality and integrity of any information disclosed by documents designated as CONFIDENTIAL, and material disclosed to such individuals under this provision may be used by such individuals solely for the purpose of this litigation. Prior to the time any employee or in-house attorney of a party receives or reviews any Designated Material, he or she must execute a copy of Attachment A hereto.

    d.    Independent Experts as defined below may have access to and make use of, for purposes of this litigation only, Designated Material coming under the terms of this Protective Order, subject to the provisions of this section. Prior to any Independent Expert, or assistant thereto, receiving or reviewing any Designated Material, he or she must execute a copy of Attachment A hereto.

Designated Material may be made available to Independent Experts, and their assistants, no sooner than five (5) business days after the following information is served upon the party whose Designated Material will be made available to the Independent Expert:

- the identity of that Independent Expert and each of his/her associates to whom Designated Material will be disclosed, including name, address, education, present employment (including on-going consultations), general areas of expertise, and resume;
- an executed copy of Attachment A.

For purposes of this Protective Order, "Independent Expert" means an expert or independent consultant or contractor, who is not an employee of the party, and

who is retained for the purposes of advising and assisting counsel in the preparation or trial of this action.  The term includes those who are retained to provide expert testimony, those who are retained to give advice but not to provide expert testimony, and those who are retained for both purposes.  Independent Experts shall be permitted to disclose Designated Material to any assistants who need such material for the purposes of this action, so long as such assistants are employed by the Independent Expert and are not employed by any party to this action.

  **e**. If a party objects to the disclosure of Designated Material (**an "Objecting Party"**) to an Independent Expert or non-attorney employee of a party who has **been** designated in the manner set forth above, the Objecting Party shall serve written objections on counsel for all parties, identifying with particularity the basis for that objection.  Such objections shall not be unreasonably made.  Service of the objections shall be made within five (5) days after the date of service of the identification of an Independent Expert or employee.  If the parties cannot agree on disclosure of Designated Material to the proposed individual, the Objecting Party shall file and serve a joint stipulation for an order forbidding disclosure to the proposed individual.  The Objecting Party shall serve its portion of the joint stipulation on opposing counsel within ten (10) days after the date of service on the Objecting Party of the executed Attachment A along with the other information identified in paragraph 5(e).  The Designating Party shall promptly file the completed joint stipulation, and shall notice the matter for hearing on the first available hearing date, unless the parties agree to a different hearing date.  On any such motion, the Objecting Party shall have the burden of proof.  If the Objecting Party does not serve a joint stipulation seeking an order forbidding disclosure to the proposed individual within the ten (10) day period, such Designated Materials may be disclosed to that individual.  Otherwise, no Designated Material shall be

disclosed to that Independent Expert or employee until the validity of the objection has been resolved, either by negotiation or by the Court.

**f**. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 10 of this **Protective** Order.

**g**. A person with custody of Designated Materials shall maintain them in a manner that limits access only to those persons **to whom the Designated Materials may be disclosed under paragraph 2 of this Protective Order or** who have agreed to be bound by this **Protective** Order.

**h**. The designation of any document under the terms of this **Protective** Order shall not preclude any party from showing the document to any person in connection with this litigation who is a current employee of the Designating Party or who appears as an author, addressee, or recipient on the face of the document.

3. <u>Designating Documents</u>. When a person producing documents (**a "Producing Party"**) wishes to designate all or any portion of a document under the terms of this **Protective** Order, such designation shall be made by placing an appropriate legend on each page of the document so designated prior to production. This designation need not be made until copies of the materials are requested after inspection by counsel. Making documents and things available for inspection by a party's counsel shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection. When a person wishes to designate under the terms of this **Protective** Order a document produced by someone else, such designation shall be made within a reasonable time after the document is produced, and shall identify with particularity the designated document.

7

With respect to electronically stored information, designation shall be made by placing an appropriate legend on the outside of the medium on which the information is produced. For example, if electronically stored information is produced on an optical disc, the **P**roducing **P**arty shall place an appropriate legend on the outside of the disc.

4. <u>Designating Depositions</u>.

a. Deposition transcripts or portions thereof, including exhibits, may be designated under the terms of this **Protective** Order by a party either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Party may direct; (ii) during the course of the deposition; or (iii) by captioned, written notice to the reporter and all counsel of record, within ten (10) business days after the transcript is available for review, by sending a written list of the pages and/or exhibits to be so marked to counsel for the other parties whereupon the party receiving such notice shall be responsible for marking the copies of the designated material in their possession or control as directed by the Designating Party. Before the expiration of the ten (10) business days, the deposition transcript shall be treated as if it had been designated CONFIDENTIAL.

b. Where testimony is designated under the terms of this **Protective** Order at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this **Protective** Order.

c. Any party may mark a deposition exhibit as Designated Material and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this **Protective** Order and the exhibit and related transcript pages receive the same confidentiality designation as the exhibit.

5. Court Proceedings.

a. Any party wishing to file with the Court a document containing Designated Material of another party shall comply with Paragraph I.D. of the Court's Standing Order Re: Protective Orders and Treatment of Confidential Information and shall: (i) file **an application, in accordance with the requirements of Local Rule 79-5, to have** such Designated Material **filed** under seal**;** and (ii) file a non-sealed, redacted version of the document blocking out the Designated Material. In no case shall any party file a non-sealed document containing the Designated Material of another party without the express written permission of the Designating Party.

b. In the event the case proceeds to trial, pursuant to Paragraph I.D of the Court's Standing Order Re: Protective Orders and Treatment of Confidential Information, all Designated Material becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown to the Court in advance of trial to proceed otherwise. Accordingly, where Designated Material is used at trial, it is the burden of the Designating Party whose documents or materials are being used to request **that** the Court ensure that its Designated Material remains confidential; however, where Designated Material is to be used at trial by a party other than the Designating Party, the party intending to use the Designated Material must give reasonable written notice to the Designating Party so that the Designating Party is able to request **that** the Court ensure that its Designated Material remains confidential.

6. Subpoena By Third Parties, Other Courts, or Agencies. If a third party, another court, or an administrative agency subpoenas or orders production of material designated for protection under this Protective Order which a party has obtained under the terms of this **Protective** Order, such party shall promptly notify the Designating Party of the existence and terms of such subpoena or order and of

the deadline by which material responsive to the subpoena or order must be produced. Said notification shall be provided sufficiently in advance of the deadline in order to provide the Designating Party an opportunity to object or take other action to prevent disclosure. **Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.**

7. <u>Objections</u>. A party may challenge any designation by serving on the Designating Party a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged, state the basis for each challenge, and indicate what designation, if any, the Objecting Party believes is appropriate.

If the Designating Party does not agree to the proposed change of designation within (10) days of service of said notice of objection, either the Designating Party or the Objecting Party may serve its portion of a joint stipulation to opposing counsel within that ten (10) day time period. Opposing counsel must return the completed joint stipulation within (7) days. The original designations shall remain effective until entry of an order re-designating the materials and during the pendency of any appeal, petition, or request for reconsideration. In any such joint stipulation, the Designating Party shall have the burden of establishing that the designation and corresponding disclosure parameters are proper. The Designating Party and the Objecting Party may extend the ten (10) day deadline to file a joint stipulation of this paragraph by written agreement.

8. <u>Protections Extended to Third Parties</u>.

If in the course of this action, discovery is sought from third parties which would require such parties to disclose and/or to produce information of the type described in paragraph 1 of this **Protective** Order, such third parties may gain the protections of this **Protective** Order by agreeing in writing to produce documents

subject to this **Protective** Order and to be bound by it. No further **Protective** Order of this Court shall be necessary to extend the protections of this **Protective** Order to third parties.

9. <u>No Prejudice</u>.

a. This **Protective** Order shall not diminish any existing obligation or right with respect to Designated Material, except as expressly provided for herein, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

b. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this **Protective** Order shall not be admissible for any purpose during any proceeding on the merits of this action.

c. A party may seek to make late designations of information and materials by stipulation or Court Order if that party failed to make a timely designation through mistake or inadvertence.

10. <u>Final Disposition</u>. Upon final termination of this action, all Designated Material, including all copies, abstracts, summaries, documents, or material containing information taken from them (but excluding any materials which in the judgment of counsel are work product materials), shall be either returned to counsel for the Designating Party or destroyed, except that outside counsel for the parties may retain a complete set of pleading**s** and correspondence files. In the case of materials designated under this **Protective** Order by someone other than the Designating Party, the materials shall be either returned to counsel for the Designating Party or destroyed. Counsel shall confirm in writing the return or destruction of all Designated Material within sixty (60) days of final termination of this action.

11. <u>Modification and Survival</u>. The restrictions imposed by this **Protective** Order may only be modified or terminated by written stipulation of all

parties or by order of this Court. This **Protective** Order shall survive termination of this action.

12. <u>No Contract</u>. This **Protective** Order shall not be construed to create a contract between the parties or between any party and its or any other party's counsel.

13. <u>Inadvertent Disclosure of Designated or Privileged Material</u>. If any party inadvertently discloses Designated Material to a person or persons other than those identified in paragraph 2 of this **Protective** Order, that party shall promptly notify the Designating Party of the disclosure and undertake all reasonable efforts to retrieve the Designated Material. Likewise, if a Producing Party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege, work product immunity, or other applicable privilege or immunity, the Producing Party may give written notice to the Receiving Party that the document or thing is subject to such privilege or immunity and request that the document or thing be returned to the Producing Party. The Receiving Party shall then promptly return to the Producing Party such document or thing and all copies thereof. Furthermore, if the Producing Party fails to give such notice but it is clear on the face of a produced document that it is likely subject to attorney-client privilege, work product immunity, or other applicable privilege or immunity, the Receiving Party shall promptly notify the Producing Party of the document produced and return such document and all copies to the Producing Party. Any inadvertent production of a document subject to a claim of attorney-client privilege, work product immunity, or other applicable privilege or immunity shall not constitute waiver of any such privilege or immunity.

14. <u>Binding Order</u>. This **Protective** Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED.

DATED: April 9, 2012

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case Number:  08-cv-00742-GAF-MAN

NISSIM CORP.,

    Plaintiff,

vs.

TIME WARNER INC., et al.,

    Defendants.

_____/

### DECLARATION UNDER STIPULATED PROTECTIVE ORDER

I, _____ declare as follows:

1. My address is _____.
2. My present employer is _____.
3. My present job position is _____.
4. Pursuant to paragraph 2 of the Stipulated Protective Order entered by the Court in this case ("Order"), I hereby acknowledge that I may receive information designated under the Order, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Order.
5. I further state that I have been given a copy of and have read the Order, that I am familiar with its terms, that I agree to comply with and to be bound by each of its terms, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Order and to use such information solely for the purposes of the litigation of this action.

6. To assure my compliance with the Order, I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California and/or any other United States District Court having personal jurisdiction over me for the limited purpose of any proceedings relating to performance under, compliance with, or violation of the Order.

7. I understand that I am to retain, in a manner consistent with the Order, all of the material that I receive which has been designated under the Order and that all such material is to remain in my custody until I have completed my assigned duties. I further understand that, upon the completion of my assigned duties, all designated material is to be either returned to the counsel or party by whom I have been employed or retained, or destroyed. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Order.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Signed at _____ on this _____ day of _____, 201__.

_____